**UNITED STATES**

v.

**Jerald WILSON.**

**No. 89 CR 349–1.**

United States District Court,
N.D. Illinois, E.D.

Oct. 9, 1990.

Fred L. Foreman, U.S. Atty. by Laurie J. Barsella, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Jerald Wilson, pro se.

### ORDER

BUA, District Judge.

Defendant Jerald Wilson moves that he be designated to the Chicago Metropolitan Correctional Center ("M.C.C."). For the reasons stated below, this court denies defendant's motion.

Defendant was found guilty of a criminal offense in a bench trial on July 10, 1990.

Defendant appeared *pro se* in the case and continues to act in that capacity with the assistance of stand-by counsel. On October 4, 1990, the government learned that the Bureau of Prisons had designated the defendant to the Federal Prison Camp in Terre Haute, Indiana ("Prison Camp"). Defendant moved from the M.C.C. to the Prison Camp on September 20, 1990. Defendant asks that he be designated back to the M.C.C. in order to "pursue his [appellate] remedies and other matters affecting his appeal rights." *Defendant's Motion* at 1. The government argues that defendant will have the ability to pursue appellate remedies at his designated institution, the Prison Camp, where prisoners filing *pro se* appeals are provided with all the facilities necessary to pursue their appeals. *Government's Response to Motion,* at 1.

In analyzing claims such as that raised by defendant the relevant inquiry is whether the prisoner-defendant has meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). In *Bounds,* the Supreme Court held that such access may be ensured by providing prisoners with "adequate law libraries or adequate assistance from persons trained in the law." *Id.* 97 S.Ct. at 1498. Prisoners' access to law libraries and counsel, though, is not absolute and may be restricted due to security considerations. *Campbell v. Miller,* 787 F.2d 217, 226–227 (7th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986).

The restriction placed on the defendant in this case is his designation to an institution located in a city other than where his appeal is pending. This court finds, however, that the restriction does not inhibit defendant's access to the courts and his ability to pursue appellate remedies. While in the Prison Camp, defendant will be able to receive mail from his stand-by counsel, including trial transcripts associated with a pending appeal. *Government's Response to Motion,* at 1. Even if defendant were at the M.C.C., he would have had to receive his trial transcript by mail. Defendant will also have the opportunity to discuss his appeal by telephone with his stand-by counsel. *Id.,* at 2. Satisfactory access to attorneys by mail or phone has been found to constitute meaningful access when defendants have counsel. *See Peterkin v. Jeffes,* 661 F.Supp. 895, 927 (E.D.Pa.1987), *vacated on other grounds,* 855 F.2d 1021 (3d Cir.1988). Further, defendant will have access to law libraries and law clerks at the Prison Camp in order that he might pursue his appeal. *Government's Response to Motion,* at 2. This court finds, therefore, that defendant has meaningful access to the courts at the institution to which he is currently designated. Defendant's motion for designation to the M.C.C. is denied.